QUINCY A. SHAW *vs.* CHARLES McINTIER & another.

A recognizance may be valid, although the language of its condition varies from the language of the statute under which it is taken, in immaterial particulars, and although it omits to require all that the statute authorizes.

A recognizance entered into by the defendant, under Gen. Sts. *c.* 137, § 9, on an appeal by him from the judgment of a magistrate in favor of the plaintiff for restitution of the premises demanded in a writ of forcible entry and detainer, is valid, which stipulates that the said defendant "shall and do prosecute his said appeal at said superior court with effect, and pay all rent of said premises now accrued, and all intervening rent, damages and costs which may arise after said appeal."

CONTRACT upon a recognizance taken under Gen. Sts. *c.* 137, § 9, before the justice of the police court of Cambridge, with

condition as follows: " The condition of the above written recognizance is such, that whereas the said Shaw, by the consideration of the justice of said police court, held at Cambridge aforesaid on the eighth day of November, A. D. 1860, recovered judgment against the said McIntier for his possession of a tract of land with the buildings thereon, in Winchester in said county of Middlesex, called the Black Horse Tavern, and costs of suit taxed at five dollars and forty-one cents, in a personal action brought by said Shaw against said McIntier to recover possession of said premises ; from which judgment the said McIntier appealed to the superior court next to be holden at Cambridge within and for the county of Middlesex, on the second Monday of December, A. D. 1860 ; now if the said McIntier shall and do prosecute his said appeal at said superior court with effect, and pay all rent of said premises now accrued, and all intervening rent, damages and costs which may arise after said appeal, then the above written recognizance to be void and of no effect; otherwise to abide in full force, power and virtue."

The defendants demurred to the declaration, on the ground that the recognizance was invalid. The demurrer was sustained in the superior court, and the plaintiff appealed to this court.

*C. A. Welch,* for the plaintiff.

*N. Richardson,* for the defendants.

CHAPMAN, J. The defendants demur to the plaintiff's declaration on the ground that the recognizance declared on is not in conformity with the provisions of Gen. Sts. *c.* 137, § 9. By the statute, a defendant upon his appeal is required to recognize to the plaintiff with sufficient surety or sureties to enter the action, to pay all rent then due, all intervening rent, and all damages and loss which the plaintiff may sustain by reason of the withholding of the possession of the demanded premises, and by reason of any injury done thereto during such withholding, together with all costs, until the restitution of the possession thereof to the plaintiff, in case the judgment from which the appeal is made is affirmed. In this case the recognizance is that the defendant " shall and do prosecute his said appeal at

said superior court with effect, and pay all rent of said premises now accrued and all intervening rent, damages and costs which may arise after said appeal." The requirement that he prosecute his appeal with effect is no greater than that he enter it. *Hobart* v. *Hilliard,* 11 Pick. 143. The requirement that he pay all rent now accrued is no greater than to pay all rent now due. The requirement that he pay all intervening rent, damages and costs which may arise after said appeal has an implied limitation which is equivalent to the express limitation in the statute, " until the restitution of the possession thereof to the plaintiff."

. Thus it appears that the recognizance declared on does not require more than the statute recognizance. But it omits to require as much ; for it does not require payment of " loss which the plaintiff may sustain by reason of withholding the possession of the premises, and by reason of injury done thereto during such withholding."

The recognizance is faulty, therefore, in two particulars . (1.) Its language varies from the language of the statute ; (2.) It omits to require security for the losses specified in addition to damages. The word " damages " has already received a judicial interpretation in *Bartholomew* v. *Chapin,* 10 Met. 1.

But the variations in phraseology have been shown to be immaterial; and the defendants have no cause to complain of the other defect, which merely relieves them of a part of the liability to which they might have been subjected under the existing statute. The error of the magistrate does not injure them, but operates in their favor. And as the recognizance does not require of them anything not required by the statute, and as its omissions are in their favor, they have no legal ground of objection to it.                    *Demurrer overruled.*